1  OTTO O. LEE (SBN 173987)
2  olee@iplg.com
   KEVIN VIAU (SBN 275556)
3  kviau@iplg.com
4  INTELLECTUAL PROPERTY LAW GROUP LLP
   1871 The Alameda, Suite 250
5  San Jose, California 95126
6  Telephone: (408) 286-8933
   Facsimile: (408) 286-8932
7
8  *Attorneys for Defendants*
9  State and Federal Poster, Inc.
   Jia Hao Gan
10

11           **IN THE UNITED STATES DISTRICT COURT**
12         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
13

14  PULSE CLICK, INC.,                    Case No.: 2:23-cv-08086-PA-BFM
15              Plaintiff,                **DEFENDANTS' ANSWER AND**
16                                        **COUNTERCLAIM; DEMAND FOR**
17              v.                        **JURY TRIAL**
18  STATE AND FEDERAL POSTER, INC.,
19  et al.,
20              Defendants.
21
22
23                        **ANSWER**
24       COMES NOW Defendants State and Federal Poster, Inc. ("SFP") and Jia Hao
25  Gan ("Gan") in answer to the Complaint (Dkt. No. 21), admit, deny, and allege as
26  follows:
27
28

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

Defendants reserve the right to amend, add, or strike affirmative defense as discovery ensues, or due to any inadvertence.  Defendants further reserve the right to raise additional affirmative defenses and/or submit such at trial, which are subsequently discovered through the discovery process.  Defendants deny any allegations of the Complaint not specifically admitted herein.

## THE PARTIES

1.      Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and accordingly denies the allegations.

2.      SFP admits the allegations of Paragraph 2.

3.      Gan admits the allegations of Paragraph 3.

4.      Defendants admit that Defendants' Amazon Webstore is assigned Amazon Seller Identification No. A28KKIXXND8YDF. Defendants deny the remaining allegations of Paragraph 4.

5.      Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 5 and accordingly denies the allegations.

6.      Defendants deny the allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7.

8.      Defendants deny the allegations of Paragraph 8.

## JURISDICTION AND VENUE

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

9.      Defendants admit this action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051, et seq. and the Court has subject matter jurisdiction, but deny that the Complaint states any valid claims against Defendants.

10.     Defendants deny the allegations of Paragraph 10.

11.     Defendants admit that the Court has personal jurisdiction but deny the substance of all alleged claims.

12.     Defendants admit that venue is proper in this judicial district but deny the substance of all alleged claims.

13.     Defendants admit that venue is proper in this judicial district but deny the substance of all alleged claims.

14.     Defendants deny the allegations of Paragraph 14.

15.     Defendants deny the allegations of Paragraph 15.

16.     Defendants deny the allegations of Paragraph 16.

## FACTUAL BACKGROUND

### Plaintiff's Business and the Compliance Audit Center Trademark

17.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 17 and accordingly deny the allegations.

18.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 18 and accordingly deny the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

19.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 19 and accordingly deny the allegations.

20.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 20 and accordingly deny the allegations.

21.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 21 and accordingly deny the allegations.

22.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 22 and accordingly deny the allegations.

23.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 23 and accordingly deny the allegations.

24.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 24 and accordingly deny the allegations.

25.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 25 and accordingly deny the allegations.

**Online Marketplaces Present Significant Challenges to Product Quality**

26.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 26 and accordingly deny the allegations.

27.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 27 and accordingly deny the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

28.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 28 and accordingly deny the allegations.

29.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 29 and accordingly deny the allegations.

30.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 30 and accordingly deny the allegations.

31.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 31 and accordingly deny the allegations.

32.     Defendants deny the allegations of Paragraph 32.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 34 and accordingly deny the allegations.

35.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 35 and accordingly deny the allegations.

36.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 36 and accordingly deny the allegations.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 37 and accordingly deny the allegations.

38.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 38 and accordingly deny the allegations.

39.     Defendants deny the allegations of Paragraph 39.

40.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 40 and accordingly deny the allegations.

41.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 41 and accordingly deny the allegations.

42.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 42 and accordingly deny the allegations.

43.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 43 and accordingly deny the allegations.

44.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 44 and accordingly deny the allegations.

45.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 45 and accordingly deny the allegations.

46.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 46 and accordingly deny the allegations.

47.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 47 and accordingly deny the allegations.

48.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 48 and accordingly deny the allegations.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

**Plaintiff has Implemented Strict Quality Controls to Combat the Problems Presented in Online Marketplaces and to Protect the Value of the Compliance Audit Center Trademark**

49. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 49 and accordingly deny the allegations.

50. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 50 and accordingly deny the allegations.

51. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 51 and accordingly deny the allegations.

52. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 52 and accordingly deny the allegations.

53. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 53 and accordingly deny the allegations.

54. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 54 and accordingly deny the allegations.

55. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 55 and accordingly deny the allegations.

56. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 56 and accordingly deny the allegations.

57. Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 57 and accordingly deny the allegations.

58.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 58 and accordingly deny the allegations.

59.     Defendants lack knowledge or information sufficient to admit or deny the allegations of Paragraph 59 and accordingly deny the allegations.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

## **FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) against all Defendants)**

72.     Defendants incorporate by reference its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

73.     Defendants deny the allegations of Paragraph 73.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

## SECOND CAUSE OF ACTION

**(Federal Trademark Dilution under 15 U.S.C. §1125(c) against all Defendants)**

76.     Defendants incorporate by reference its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

## THIRD CAUSE OF ACTION

**(Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a) against all Defendants)**

80.     Defendants incorporate by reference its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85.

## FOURTH CAUSE OF ACTION

**(Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 et seq. against all Defendants)**

86.     Defendants incorporate by reference its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

87.     Defendants deny the allegations of Paragraph 87.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

## FIFTH CAUSE OF ACTION

**(Contributory Trademark Infringement against all Defendants)**

90.     Defendants incorporate by reference its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

93.     Defendants deny the allegations of Paragraph 93.

## SIXTH CAUSE OF ACTION

**(Vicarious Trademark Infringement against all Defendants)**

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

94.     Defendants incorporate by reference its responses to the preceding paragraphs of this Complaint as though fully set forth herein.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

## PRAYER FOR RELIEF

As to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any of the relief requested in its Paragraphs A – M.

Defendants generally deny each and every remaining allegation in the Complaint that has not been previously admitted, denied or answered. Defendants specifically deny that Plaintiff is entitled to any of the requested relief against Defendants.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants set forth the following matters constituting avoidance or an affirmative defense:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in its entirety and through each separately stated claim for relief, fails to state facts sufficient to constitute a viable claim upon which relief can be granted as against this answering Defendants upon which relief can be granted.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

Defendants have never used or instructed others to use the mark "Compliance Audit Center" (mark "CAC") associated with Defendants' poster products and/or product listings.

On information and belief, each product sold on Amazon has a single "product detail page" and an Amazon Standard Identification Number, or "ASIN". If multiple sellers offer the same product, Amazon combines the data from those offers on one product detail page to reduce duplications and avoid overwhelming the shopper. Amazon prohibits sellers from creating a new ASIN for a product that is already offered on Amazon.  Amazon determines the information to include on the product detail page based on manufacturer and seller contributions. There is no guarantee that the information provided by any particular manufacturer or seller will appear on that page. When multiple sellers offer the same product, the detail page will default to one seller's offering. Amazon refers to the default offering as the "Buy Box". The product's detail page will say that the product is "sold by" whichever seller is in the Buy Box at that time.

It is not clear whether Amazon verifies the accuracy of the data on a product's detail page. Amazon chooses what information to include based on an automated, confidential process, which means that sellers can "hijack" an existing product detail page by submitting erroneous information that passes through Amazon's automated system. "Hijackers often manipulate listing details with the intention of making the

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

product more difficult to discover in search results or deceiving buyers about its true nature, leading to negative ratings. They may also attempt to render the listing ineligible for advertising or frame it as non-compliant, causing Amazon to suppress or deactivate it."

Amazon does not notify the sellers of a given product when it changes information on the product detail page.

Therefore, on information and belief, the allegedly infringing listings in Exhibit A and B attached to Plaintiff's First Amended Complaint (Dkt. No. 21-1, Exhibit A "Titles of Infringing Listings" and Dkt. No. 21-2, Exhibit B "Evidence of Infringing Listings") were listings on which multiple sellers including Plaintiff and Defendant SFP sold, and Amazon combined the data from multiple sellers' offers on one product detail page. On information and belief, Amazon combined the mark "CAC" and Defendant's information together in the allegedly infringing listings. On information and belief, the allegedly infringing listings are also likely to have been hijacked by other seller(s), including but not limited to, on information and belief, Plaintiff, with the intention of benefiting from the historical listings with good reviews, or rendering the listings ineligible for advertising or frame it as non-compliant of IP protection requirements, causing Amazon to deactivate it attempting to suppress the competitors. SFP's name shown in the "Buy Box" of the listings does not demonstrate that SFP is

the original creator, the real owner, the actual controller of the ASIN listing, or the one who is able to edit the listings adding the allegedly infringing mark.

Wherefore, the Complaint Plaintiff fails to state facts sufficient to constitute a viable claim upon which relief can be granted as against Defendants.

## SECOND AFFIRMATIVE DEFENSE

The claims made in the Complaint are barred, in whole or in part, because the damages allegedly incurred by Plaintiff, if any, were caused in whole or in part by persons other than this answering Defendants, and the liability, if any, of Defendants should be comparatively reduced or eliminated accordingly.

As described above, the damages allegedly incurred by Plaintiff were caused by Plaintiff itself, Amazon, or other sellers. Defendants have never used or instructed others to use the mark "CAC" associated with Defendants' poster products and/or product listings.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim to damages is barred by the doctrine of unclean hands.

Defendant SFP was officially formed in August 2008. SFP's design mark "State & Federal Poster" was first used in commerce on August 25, 2008 and was registered at USPTO on December 19, 2017. SFP's word mark "State and Federal Poster" was registered on May 4, 2021, but it was first used in commerce on January 1, 2008. SFP has serviced thousands of companies nationwide and depends on repeat business with

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

its satisfied customers. SFP has a long-term reputation in its business field. PCI has infringed SFP's "State & Federal Poster" mark by using the mark in the display images of a poster product which is sold by PCI-controlled Amazon seller Blade Click under the CAC mark, subsequent to SFP's establishment of rights in its mark and without permission or authorization by SFP. PCI's infringement, as alleged in the Counterclaim below, constitutes unclean hands and negates its claim to relief.

On information and belief, Plaintiff was established in June 2017, about 9 years after SFP started its business. The mark "Compliance Audit Center" was claimed to be first used on July 3, 2017 and registered on April 17, 2018 according to its registration record.

As discussed in the Counterclaim below, on information and belief, in order to benefit from SFP's reputation and historical listings with good customer reviews left yeas earlier than Plaintiff's establishment, Plaintiff or another seller hijacked and manipulated listing details originally created by SFP. On information and belief, Plaintiff or another seller intentionally maintained SFP's information in the allegedly infringing listings in order to benefit from SFP's long-term reputation in the business on the one hand and strike its competitor on the other hand by filing a wrongful intellectual property lawsuit against SFP.

The fact that Plaintiff did not send a cease-and-desist letter nor file a complaint to Amazon regarding the alleged trademark infringement indicates that instead of

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

immediately stopping the allegedly infringing activities, Plaintiff's or another seller's primary purpose is to obtain wrongful benefits from a frivolous lawsuit.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of actions contained therein, is barred in whole or in part because Plaintiff fails to exercise reasonable care and diligence to mitigate their alleged damages, if any.

Plaintiff should pay attention to the listings initially created by other sellers but were eventually controlled by Plaintiff to avoid intellectual property compliance issues and the corresponding damages incurred by.

## FIFTH AFFIRMATIVE DEFENSE

The First Amended Complaint, and Plaintiffs' claims for damages, are barred in whole or in part because Defendants at all times acted with innocent intent.

Defendants reserve all affirmative defenses available under Rule 8 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation.

## <u>COUNTERCLAIM</u>

Pursuant to Fed. R. Civ. P. 13, Counter-Claimants State and Federal Poster, Inc. ("SFP") and Jia Gan ("Gan") bring this Counterclaim against Counter-Defendants

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

Pulse Click, Inc. ("PCI") and Sasha Shkolnik ("Shkolnik") for judgment and damages as follows.

## PARTIES

1.     Counter-Claimant SFP is a corporation organized and registered under the laws of the State of California with its principal place of business at 4020 W. Valley Blvd, Unit 103, Walnut, CA 91789.

2.     Counter-Claimant Gan is the owner of SFP, who resides in Los Angeles County, CA.

3.     On information and belief, Counter-Defendant PCI is a California corporation with its principal place of business at 2215 Paseo de las Americas, Suite 30, San Diego, CA 92154. PCI is an international manufacturer and online retailer of on-demand printing. PCI's services are available to customers all over the United States including customers in the central district of the State of California.

4.     On information and belief, Counter-Defendant Sasha Shkolnik ("Shkolnik") is the founder and owner of PCI, who resides in San Diego County, CA.

5.     At all times relevant hereto, Shkolnik was personally aware of, and authorized, approved, directed, controlled, ratified, participated in, instigated, and was a central figure in the wrongful conduct alleged in this Counterclaim, particularly as to direction the actions of trademark infringement as alleged herein. Counter-claimants as informed and believe, and on that basis allege, that each of the Counter-Defendants

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

was the agent and/or employee of the remaining Counter-Defendants and, at all times

alleged, acted within the course and scope of such agency and/or employment.

6.    On information and belief, Counter-Defendants own and operate an

Amazon storefront called "Blade Click".

## JURISDICTION AND VENUE

7.    This action arises under the federal trademark statute (the "Lanham Act"),

15 U.S.C. § 1051 et seq., common laws, and the laws of the State of California.

8.    This Court has subject matter jurisdiction over this action pursuant to 15

U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338.

9.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because

the counterclaims alleged herein arise under the same nucleus of operative facts as the

federal causes of action and are therefore part of the same case or controversy as the

federal causes of action.

10.    Personal jurisdiction is proper as Counter-Defendants performed services

and received compensation for work in California.

11.    Venue is proper under 28 U.S.C. § 1391 because this is the judicial

district in which a substantial part of the acts and omissions giving rise to the claims

occurred.

## FACTUAL BACKGROUND

12.     SFP is a California business registered in August 2008. It is the market-leading source for reliable labor law posters in America. With over 10,000 square feet of manufacturing capability, 3 loading docks, 10 high-capacity wide format output presses, and 2 state of the art automated commercial lamination machines. It has serviced thousands of companies nationwide. A true and correct copy of SFP's corporation registration record is attached as **Exhibit A** hereto.

13.     SFP registered its design mark "State & Federal Poster" at the United States Patent and Trademark Office ("USPTO") on December 19, 2017 under Registration Number 5361799. The mark was first used in commerce on August 25, 2008. SFP's word mark "State and Federal Poster" was registered at USPTO on May 4, 2021 under Registration Number 6343832. The mark was first used in commerce on January 1, 2008. SFP's marks are inherently distinctive as they are suggestive of the labor law poster products sold under the marks, and further have acquired distinctiveness through SFP's longtime and continuous use of the marks in commerce since at least around 2008.

14.     On information and belief, PCI is a manufacturer and online retailer of on-demand printing. It is a California corporation whose business registration application was filed on June 19, 2017, almost 9 years after SFP started its business.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

15.     On information and belief, PCI has a storefront with the display name of "Blade Click" on Amazon.com. A true and correct copy of Blade Click's Amazon webstore information is attached as **Exhibit B** hereto.

16.     PCI sells labor law posters under the mark "Compliance Audit Center" ("CAC") on Amazon.com through its storefront Blade Click.

17.     SFP has not licensed the marks "State & Federal Poster" and "State and Federal Poster" to PCI in any manner, nor has SFP assigned any of its exclusive rights in the marks to PCI. PCI further did not ask for permission from SFP in any way whatsoever.

18.     However, PCI infringes SFP's design mark "State & Federal Poster" by using the mark in the display images of a poster product which is sold by Blade Click under the CAC mark. The Amazon Standard Identification Number (ASIN) is B00TUEF6BU. A true and correct copy of the Amazon product listing is attached hereto as **Exhibit C**.

19.     The design mark "State & Federal Poster" used by PCI in the product images contains a red "TM" symbol at the upper right corner of the mark, which clearly indicates that the preceding mark is a trademark. PCI's infringement of the design mark was intentional because the mark was associated with the TM symbol and intended to be used as a mark. PCI knew or should have known that the mark belonged to others and was under a registration process.

20.     As shown in the listing of "2023 Illinois State and Federal Labor Laws Poster" sold under the mark CAC through Blade Click, in the "Product Information" part of this listing, "Manufacturer" is listed as "State and Federal Poster" with the TM symbol at its upper right corner. Considering the TM symbol associated with "State and Federal Poster", PCI has intentionally infringed SFP's word mark while clearly knowing that the mark belongs to others. A true and correct copy of the 2023 Illinois State and Federal Labor Laws Poster product listing is attached as **Exhibit D** hereto.

21.     On information and belief, PCI intentionally infringed SFP's mark because SFP was already a renowned and reputable competitor with 9-year business history in this field when PCI was established in 2017.

22.     In Paragraph 36 of PCI's First Amended Complaint, PCI claimed that "Exhibits A and B confirm (1) Defendants listed their posters under Plaintiff's Compliance Audit Center brand and (2) Defendants purport to sell genuine Compliance Audit Center posters. Defendants' posters are not genuine Compliance Audit Center posters" (Dkt. No. 21). PCI also listed the product Globally Harmonized System Pictograms and Hazards (GHS) Poster - Laminated 18" x 24" with its ASIN B00TUEF6BU at the first place in Exhibit A attached to PCI's First Amended Complaint (Dkt. No. 21-1, Exhibit A "Titles of Infringing Listings").

23.     However, on information and belief, Exhibit C of the ASIN B00TUEF6BU listing attached hereto clearly shows that PCI blatantly confuses right

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

and wrong, claiming SFP's infringement of the mark CAC with evidence actually supporting that PCI is the one who intentionally infringes SFP's mark.

24.     On information and belief, each product sold on Amazon has a single "product detail page" and an Amazon Standard Identification Number, or "ASIN". If multiple sellers offer the same product, Amazon combines the data from those offers on one product detail page to reduce duplications and avoid overwhelming the shopper. If one seller sells an ASIN that is also listed by other sellers, winning the Buy Box means that this seller's offer is displayed on the main product detail page for a given product. Furthermore, an initial ASIN listing could be piggybacking, which occurs when someone becomes an 'additional seller' on the listing and sells the same product – under the same ASIN – for less money. A previously created ASIN listing could also be hijacked by other sellers. A listing hijacking is when another seller starts selling a counterfeit version of one seller's product on its Amazon detail page, typically at a much lower price that allows them to claim the Buy Box. "Hijackers often manipulate listing details with the intention of making the product more difficult to discover in search results or deceiving buyers about its true nature, leading to negative ratings. They may also attempt to render the listing ineligible for advertising or frame it as non-compliant, causing Amazon to suppress or deactivate it." Hijackers can also swoop in and seize control of the Buy Box for the original and/or authentic seller's own product (https://www.ecomengine.com/amazon-listing). A true and correct

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

copy of "What is an Amazon Listing?", "Buy Box/Featured Offer", "ASIN

Piggybacking" and "Listing Hijacking" of the Amazon Listing Guide Best Practices is

attached as **Exhibit E** hereto.

25.     On information and belief, Amazon prohibits sellers from creating a new

ASIN for a product that is already offered on Amazon. Amazon determines the

information to include on the product detail page based on manufacturer and seller

contributions. There is no guarantee that the information provided by any particular

manufacturer or seller will appear on that page. When multiple sellers offer the same

product, the detail page will default to one seller's offering. Amazon refers to the

default offering as the "Buy Box." The product's detail page will say that the product is

"sold by" whichever seller is in the Buy Box at that time. It is not clear whether

Amazon verifies the accuracy of the data on a product's detail page. Amazon chooses

what information to include based on an automated, confidential process, which means

that sellers can "hijack" an existing product detail page by submitting erroneous

information that passes through Amazon's automated system. Amazon does not notify

the sellers of a given product when it changes information on the product detail page.

26.     As aforementioned, PCI filed its business registration application on June

19, 2017. In addition, the mark CAC was claimed to be first used by PCI on July 3,

2017. However, as shown in the listings of poster products under the mark CAC sold

by PCI through Blade Click, its Amazon product listings have customer reviews dated

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

before June 19, 2017, some of them were even dated back to 2015. A true and correct copy of the mark CAC's registration record is attached as **Exhibit F** hereto; and a true and correct copy of product listings of posters sold under mark CAC via Blade Click with customer reviews dated before June 19, 2017 is attached as **Exhibit G** hereto.

27.  Especially, in page 10 of Exhibit G, a customer review dated December 22, 2015 but appearing in the listing of "2024 Michigan State and Federal Labor Laws Poster" sold under the mark CAC stated that "This is NOT a 2016 poster. Look at the image, it does NOT have the new minimum wage listed." On information and belief, the original listing was created no later than 2015, which predates PCI's establishment of business and first use of the CAC mark.

28.  The poster product listings shown in Exhibit C and D also have customer reviews predating the establishment of PCI. The earliest customer review was dated in 2015.

29.  On information and belief, PCI is not the original creator of these product listings although the listings look like they are "owned" by PCI.

30.  Product listing hijacking is a real and common concern of Amazon sellers. "For sellers who have a registered trademark, enrolling in Amazon Brand Registry allows for more control over Amazon listing pages that use their brand name." See Exhibit E. A seller who has not had a registered mark yet, but has a pending trademark registration application, still faces the risks that the listings originally created by this

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

seller could be hijacked by others. A listing created by a seller before a trademark is officially registered would be logged more like a generic brand listing which makes it easier to be used by other sellers. A true and correct copy of a seller's inquiry submitted to Amazon regarding Amazon Brand and Multiple Sellers Warning is attached as **Exhibit H** hereto.

31.     On information and belief, Amazon seller(s) can systematically hijack various ASIN's by removing the generic brand and replacing the brand with the hijacker's own mark and brand. A hijacker will be able to remove other sellers including the original listing creator from the ASIN listing so that only the hijacker's name remains on the ASIN. On information and belief, once the listing is controlled by the hijacker, any changes to the ASIN must be approved by that hijacker.

32.     As a feature of this process, the hijacker inherits the creation date of the individual ASIN and all the comments from reviewers, thus making it appear that the hijacker has been selling products years before it actually started selling the products on Amazon. The hijacker also inherits all of those customer reviews of the product sold on the listing as well.

33.     SFP's design mark "State & Federal Poster" was registered on December 19, 2017 and word mark "State and Federal Poster" was registered on May 4, 2021. Therefore, the listings originally created in 2015 before SFP's marks were officially registered and registered with Amazon were under higher risk of being used and/or

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

hijacked by other sellers including but not limited to PCI, and SFP had no control over it.

34.     Therefore, on information and belief, by ASIN piggybacking and/or listing hijacking, PCI or another seller successfully claimed and seized control of the listings originally created by SFP in 2015. PCI or another seller further manipulated listing details, removed SFP's information and marks but omitted some in the displayed images and "Product Information", which were described above.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a))

35.     SFP realleges and incorporates by reference Paragraphs 1 through 34 of the Counterclaim as though fully set forth herein.

36.     PCI's unauthorized use of the trademarks "State & Federal Poster" and "State and Federal Poster" in commerce to advertise, promote, market, and sell counterfeit/infringing products throughout the United States, including California and this District, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

37.     SFP has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the two trademarks mentioned above, and injury to SFP's business. SFP is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

38.     Pursuant to 15 U.S.C. § 1117, SFP is entitled to recover damages in an amount to be determined at trial. These damages include SFP's lost profits, profits made by PCI on sales of counterfeit/infringing products, and the costs of this action.

39.     Furthermore, PCI's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling SFP to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

40.     SFP realleges and incorporates by reference Paragraphs 1 through 39 of the Counterclaim as though fully set forth herein.

41.     SFP has established significant goodwill and favorable public recognition in its distinctive "State & Federal Poster" and "State and Federal Poster" through extensive use of the marks throughout California and in commerce in connection with labor law poster products.

42.     Without SFP's consent or authorization, and on information and belief, with knowledge of SFP's prior marks and the goodwill associated therewith, Counter-Defendants have used and continue to use infringing "State & Federal Poster" and "State and Federal Poster"  in connection with the sale, offering for sale, distribution, provision, or advertising of competing labor law poster products, thereby trading upon

the goodwill associated with SFP's marks and misleading the public into believing a connection or association exists between Counter-Defendant's unauthorized products and SFP's products.

43.     Counter-Defendants' acts of infringement have caused and are likely to cause consumer confusion and to mislead and deceive the consuming public as to the source of Counter-Defendant's unauthorized goods or services, enable Counter-Defendant to pass off its unauthorized goods or services as Counter-Claimant's goods or services, and falsely suggest a connection between Counter-Defendants and Counter-Claimant. Counter-Defendants' actions thus violate the common law of the State of California.

44.     As a direct and proximate result of Counter-Defendants' infringing activities, Counter-Claimant has suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Counter-Defendant has unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill and unjustly enrich themselves at Counter-Claimant's expense.

45.     Counter-Defendants' trademark infringement will also continue to cause irreparable harm if Counter-Defendants are not restrained by this Court from further violation of Counter-Claimant's rights. Counter-Claimant has no adequate remedy at law for all of the harm being caused to Counter-Claimant, particularly in respect of the

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

loss of Counter-Claimant's goodwill, market share, and mark and brand control due to Counter-Defendants' infringement. Counter-Claimant is therefore entitled to and seeks temporary and permanent injunctive relief.

46.     Counter-Defendants' infringement was and is tortious, malicious, outrageous, oppressive, fraudulent, made in bad faith, and in conscious disregard of Counter-Claimant's rights. Accordingly, in addition to general and compensatory damages, Counter-Claimant should be awarded exemplary, punitive, and treble damages sufficient to punish and make an example of Counter-Defendants.

## THIRD CLAIM FOR RELIEF

## (Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a))

47.     SFP realleges and incorporates by reference Paragraphs 1 through 46 of the Counterclaim as though fully set forth herein.

48.     PCI's unauthorized use of the trademarks "State & Federal Poster" and "State and Federal Poster" in commerce to advertise, promote, market, and sell counterfeit/infringing products throughout the United States, including California and this District, constitutes unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

49.     Consumers are likely to be misled and deceived by PCI's representations regarding the source, authenticity, and reputation of the goods. PCI knew or should

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

have known the statements, especially customers' reviews which obviously were not related to the products sold by PCI, are false or likely to mislead.

50.   As result of PCI's willful and intentional actions, SFP has suffered damages in an amount to be determined at trial, and unless PCI is enjoined, SFP will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

51.   Pursuant to 15 U.S.C. § 1117, SFP is entitled to recover damages in an amount to be determined at trial. These damages include SFP's lost profits, profits made by PCI on sales of counterfeit/infringing products, and the costs of this action.

52.   Furthermore, PCI's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling SFP to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (Violation of Cal. Bus. & Prof. Code §§ 17200 and 17500)

53.   SFP realleges and incorporates by reference Paragraphs 1 through 52 of the Counterclaim as though fully set forth herein.

54.   PCI's unauthorized use of the trademarks "State & Federal Poster" and "State and Federal Poster" in commerce to advertise, promote, market, and sell counterfeit/infringing products throughout the United States including California

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

constitutes trademark infringement, unfair competition, and false advertising in violation of the laws of the State of California.

55.     California Business and Professions Code §17200, et. seq. prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice."

56.     California Business and Professions Code §17500, et. seq. prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading".

57.     SFP alleges that it is unfair, fraudulent and/or unlawful within the California Business and Professions Code §§17200 and 17500, et. seq. for PCI to have engaged in the conduct set forth above.

58.     As a result of PCI's unlawful and unfair business practices, and false advertising, SFP demands restitution of monies wrongfully retained by PCI and a fine deemed justified by the Court.

**FIFTH CLAIM FOR RELIEF**

**(Vicarious Trademark Infringement)**

59.     SFP realleges and incorporates by reference Paragraphs 1 through 58 of the Counterclaim as though fully set forth herein.

60.     PCI's unauthorized use of the trademarks "State & Federal Poster" and "State and Federal Poster" in commerce to advertise, promote, market, and sell

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

counterfeit/infringing products throughout the United States including California constitutes trademark infringement in violation of federal law and the common law of the State of California. Sasha Shkolnik, the founder and owner of PCI, has the ability to control the actions of PCI and derives a direct financial benefit from the illegal acts of PCI. Therefore, Counter-Defendants' actions set forth above constitute vicarious trademark infringement.

61.     The actions of Counter-Defendants described above were and continue to be deliberate and willful. SFP has suffered and continues to suffer damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Defendants/Counter-Claimants respectfully pray for relief as follows:

A.     For an order and judgment that Counter-Defendants have infringed SFP's marks in violation of SFP's rights under federal law, common law, and/or California law.

B.     For an order and judgment that Counter-Defendants have unfairly competed with SFP in violation of SFP's rights under 15 U.S.C. § 1125(a), common law, and/or California law.

C.     For an order and judgment that Counter-Defendants and their agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person(s)

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under them, be enjoined and restrained, both preliminarily during the pendency of this action and thereafter permanently, from:

i. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, providing, or promoting any goods or services, not authorized by or for SFP, in connection with or under any marks, words, symbols, or other designations that so resemble SFP's State and Federal Poster marks as to be likely to cause confusion, mistake, or deception;

ii. Using any mark, word, term, name, symbol, device, or combination thereof, that is likely to cause confusion, mistake, or deception as to the affiliation or association of Counter-Defendants or their goods or services with Counterclaimants or SFP's Marks or as to the origin of Counter-Defendants' goods or services, or any false designation of origin, or false or misleading description or representation of fact;

iii. Further infringing the rights of SFP in and to its State and Federal Poster marks or otherwise damaging SFP's goodwill or business reputation;

iv. Competing unfairly with Counterclaimants in any manner; and

v. Continuing to perform any other unlawful acts in any manner whatsoever complained of in this Counterclaim.

D.      For an order and judgment that Counter-Claimants recover from Counter-Defendants its damages and lost profits in an amount to be proven at trial.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

E.      For an order and judgment requiring an accounting of Counter-Defendants' profits, revenues, funds, and assets that have arisen and arise out of their infringing or unlawful activities.

F.      For an order and judgment that Counter-Claimants be awarded the greater of (1) three times Counter-Defendants' profits, or (2) three times any damages sustained Counterclaimants, under 15 U.S.C. § 1117, plus prejudgment interest.

G.      For an order and judgement that pursuant to 15 U.S.C. § 1117(c), Counterclaimants be awarded statutory damages of at least $200,000 for each counterfeit mark used in connection with each type of goods or services offered or sold by Counter-Defendants, which number should be increased to $2,000,000 for each counterfeit mark used in connection with each type of goods or services offered or sold by Counter-Defendant if such conduct is found to be willful.

H.      For an order and judgment finding that this case is an exceptional one and that Counter-Claimants be awarded its fees, costs, expenses, and disbursements incurred in relation to this action, including its reasonable attorneys' fees and investigative expenses.

I.      For an order and judgment sustaining each of the causes of actions set forth herein against Counter-Defendants.

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126

J.     For an order and judgment requiring Counter-Defendants to pay such other damages and monetary relief as the Court deems fit under the circumstances, or as may be sought by Counter-Claimants according to proof at trial.

K.     For any and all other relief as the Court deems just and reasonable.


Respectfully submitted,

Dated: November 24, 2023          By: */s/ Otto O. Lee*
                                      Otto O. Lee
                                      Kevin Viau
                                      INTELLECTUAL PROPERTY LAW GROUP LLP
                                      1871 The Alameda, Suite 250
                                      San Jose, California 95126
                                      Telephone: (408) 286-8933
                                      Facsimile: (408) 286-8932
                                      *Attorneys for Defendants*
                                      *and Counter-Claimants*

# **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Counter-Claimants hereby request a jury trial as to all issues which are properly triable by a jury in this action.

Respectfully submitted,

Dated: November 24, 2023       By: */s/ Otto O. Lee*
Otto O. Lee
Kevin Viau
INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126
Telephone: (408) 286-8933
Facsimile: (408) 286-8932
*Attorneys for Defendants*
*and Counter-Claimants*